UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PACIFIC MEDIA WORKERS GUILD,
CWA 39521,

          Plaintiff,

    v.

SAN FRANCISCO CHRONICLE,

          Defendant.

Case No. 17-cv-00172-WHO

**ORDER DENYING MOTION TO DISMISS AND GRANTING PETITION TO COMPEL ARBITRATION**

Dkt. No. 14

## INTRODUCTION

On January 12, 2017, plaintiff Pacific Media Workers Guild, CWA 39521 ("the Guild") filed a petition to compel the San Francisco Chronicle (the "Chronicle") to submit a Guild member's grievance to arbitration pursuant to the parties' Collective Bargaining Agreement ("CBA"). The Chronicle has moved to dismiss the Guild's petition, arguing that the Guild has failed to state a claim because there is no factual dispute that the Guild's grievance was not timely made, has been abandoned, and is not arbitrable under the CBA. The Guild has alleged facts demonstrating a genuine dispute as to whether its grievance was timely brought and whether the grievance is arbitrable under the CBA. As the parties agree that all issues regarding arbitrability will be decided by an arbitrator, the Guild has stated a valid claim to compel arbitration. The Chronicle's motion to dismiss is DENIED. Because I conclude that the Guild's grievance must be submitted to arbitration, the Guild's petition to compel arbitration is GRANTED.

## BACKGROUND

The Guild is a Labor Organization that represents media worker employees. The Chronicle is a San Francisco based newspaper and a division of the Hearst Corporation. The Guild and the Chronicle are parties to a CBA which covers some of the Chronicle's employees.

*See* Petition ("Pet.") Ex. A. ("CBA") (Dkt. No. 1-1).

## I.       THE CBA'S ARBITRATION PROCEDURES

Article VI of the CBA, titled "Grievance and Arbitration Procedure" lays out procedures for settling all grievances arising under the CBA between the parties. CBA Art. VI. This section explains that all grievances must be submitted by written notice "within twenty-one (21) calendar days of when the grieving party knew or should have known of the action or event giving rise to the grievance." *Id.* Art. VI (b). Once a grievance has been submitted it may be moved to arbitration by either party "at any time more than fifteen (15) calendar days after receipt of the written notice in (b) above, but in no event later than forty-five (45) calendar days of receipt of such notice." *Id.* Art. VI (c). "Any grievance not moved to arbitration within said thirty (30) calendar days shall be deemed abandoned." *Id.* "All issues concerning arbitrability shall be submitted only to the arbitrator for decision, and such decision shall be final and binding." *Id.* Art. VI (c)(9).

## II.       THE GRIEVANCE

In January 2015, Gloria La Riva, an employee of the Chronicle and a member of the Guild assumed a new title and position at the newspaper. Pet. ¶11. For salary purposes she was classified as having three years of experience and assigned a +3 wage rate. *Id.* In January, 2016, after a year of working in this new position, the Guild notified the Chronicle that La Riva was entitled to a wage rate increase so that she would be paid at the +4 wage rate for employees with four years of experience. *Id.* ¶12. The Chronicle requested to delay meeting about the issue pending a job performance review of La Riva's work. *Id.* ¶13. Following this performance review and discussions between the parties, the Chronicle refused to provide La Riva with a wage increase. It argued that her wage rate is capped at +3 years. *Id.* The parties' discussions regarding this dispute ended on May 31, 2016 when the Chronicle definitively rejected the Guild's demand. Pet. Ex. B (Dkt. No. 1-2).

On June 2, 2016, the Guild filed a formal grievance notice against the Chronicle regarding the dispute over La Riva's wage increase. *Id.* On July 6, 2016 it moved to send the grievance to arbitration. Pet. Ex. C (Dkt. No. 1-3). The Chronicle has refused to submit this dispute to

arbitration, taking the position that the Guild failed to meet the timing requirements laid out in Article VI (b)-(c) for grievance procedures and has abandoned the right to arbitrate the La Riva dispute. Pet. ¶18. The Guild subsequently filed its petition in this court seeking to compel arbitration of the La Riva wage dispute. *See* Pet. The Chronicle has moved to dismiss the petition.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

When faced with a petition to compel arbitration a district court "must decide whether the collective bargaining agreement provides for arbitration of the particular dispute." *United Food & Commercial Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179 & 1532 chartered by United Food & Commercial Workers Int'l Union, AFL-CIO v. Alpha Beta Co.*, 736 F.2d 1371, 1383 (9th Cir. 1984). "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of

3

an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960). When the parties have agreed to arbitrate questions of arbitrability, "procedural questions, such as whether a contractual grievance procedure has been followed, or the effect of waiver or delay," are presumptively also reserved exclusively for arbitration. *Howsam v. Dean Witter Reynolds Inc.*, 537 U.S. 79, 84 (2002). A court "may consider a strictly procedural question as to the timeliness of a demand for arbitration in those rare instances where no dispute exists and resolution of the issue would preclude all need for arbitration." *Retail Delivery Drivers Local 588 v. Servomation Corp.*, 717 F.2d 475, 478 (9th Cir. 1983).

### DISCUSSION

The issue in this motion is narrow: whether there is a dispute regarding the procedural arbitrability of the La Riva grievance. If there is a dispute, under the CBA this case must be referred to arbitration to assess whether the Guild's grievance is arbitrable. I conclude that the Guild has demonstrated a genuine dispute regarding arbitrability.

As the Supreme Court has held, when parties have agreed to have questions of arbitrability go to arbitration, "procedural questions, such as whether a contractual grievance procedure has been followed, or the effect of waiver or delay," must also be arbitrated. *Howsam*, 537 U.S. at 84. In this case, the CBA provides that "[a]ll issues concerning arbitrability shall be submitted only to the arbitrator for decision, and such decision shall be final and binding." CBA Art. VI. (c)(9). Despite this language, the Chronicle argues that the Guild's grievance need not be submitted to arbitration because there is no dispute that the Guild failed to comply with the CBA's procedural timing requirements and that I may therefore consider the "strictly procedural question as to the timeliness of a demand for arbitration" and dismiss the case. *See Servomation*, 717 F.2d at 478 (noting that it may be appropriate for a court to deny a petition to compel arbitration in "those rare instances where no dispute exists" that the petitioner has not met the CBA's procedural requirements).

The CBA provides that grievances must be noticed "within twenty-one (21) calendar days of when the grieving party knew or should have known of the action or event giving rise to the

4

grievance" and that grievances must then be moved to arbitration 15-45 days after that. CBA Art. VI (b)-(c). The Chronicle contends that the Guild clearly failed to meet this requirement because its grievance arose in January, 2016, when the Guild first demanded that La Riva receive a wage step up, but did not file its notice of grievance until June 2, 2016, well over 21-days later. The Guild asserts that it complied with the CBA's procedural requirements because the grievance did not arise until May 31, 2016, when the Chronicle finally rejected the Guild's demand. If the grievance arose on May 31, 2016, as the Guild asserts, then the Guild timely filed its notice of grievance within the 21-day period and, properly moved the grievance to arbitration within the subsequent 15-45 day window.

The CBA provides that a grievance arises when the grieving party "knew or should have known of the action or event giving rise to the grievance." What action gives rise to the Guild's grievance and when should the Guild have known about it? Under the Chronicle's interpretation the Guild should have known and actually did know of its grievance in January, 2016, when the Chronicle failed to automatically give La Riva the wage step up the Guild believes she is entitled to. Under the Guild's interpretation it was the Chronicle's affirmative rejection of its demand for a wage increase for La Riva that triggered its grievance. The parties have presented two plausible interpretations of how the CBA's timing procedures apply to the facts of this case. Whether the Guild has satisfied the timing requirements will come down to an adjudicator's interpretation of the phrase "action or event giving rise to the grievance." Because this question of contract interpretation goes to the procedural arbitrability of the Guild's grievance, it must be decided by the arbitrator, not this court.

In addition to the question of when the Guild's grievance arose, there are two other disputes that may make the Guild's claim arbitrable. The Guild notes that it did not file a grievance sooner, in part, because the Chronicle waited to provide a definitive response to the Guild's demands until after conducting a performance review on La Riva and engaging in discussions with the Guild. In *Servomation*, the Ninth Circuit concluded that a Union had presented a valid dispute regarding whether the employer had waived its right to allege a time-bar on the Union's grievance by engaging in discussions with the Union on the dispute. *Servomation*,

717 F.2d at 476.  Under the logic of *Servomation*, by engaging in discussions with the Guild and waiting to conduct a performance review of La Riva, the Chronicle may have waived the right to assert a time-bar against the Guild's claim.

Further, the Guild points out that its grievance regarding La Riva's step increase alleges a continuing violation.  The CBA states that "[a] party's decision to forgo arbitration of a grievance shall not prejudice that party from pursuing through arbitration a future alleged violation of the same sort."  How does this provision apply to a continuing violation and does it give the Guild an avenue to get around the procedural timing requirements of Article VI?  This contract interpretation question, going to whether the Guild's claim is arbitrable, cannot be resolved by this court and must be resolved by an arbitrator in line with the parties' CBA.

There is a genuine dispute whether the Guild is time barred from arbitrating the La Riva grievance.  This question of procedural arbitrability must be decided by the arbitrator, per the parties' CBA.  The Guild has stated a valid claim to compel arbitration against the Chronicle.  The Chronicle's motion to dismiss is DENIED.

At the case management conference held in conjunction with oral argument on this motion I asked the parties how they intended to proceed if I denied the motion to dismiss.  The Guild indicated it hoped the parties would be able to stipulate to arbitration, while the Chronicle indicated that it believed plaintiff would need to file a motion for summary judgment on its petition to compel arbitration.  These steps are unnecessary as, in denying a motion to dismiss a petition to compel arbitration, the court may also grant the petition and compel the parties to arbitrate.  *See Int'l Alliance of Theatrical Stage Emp. & Moving Picture Technicians, Artists, and Allied Crafts of the U.S., Its Trusted Local 720 Las Vegas, Nev. v. InSync Show Prods., Inc.*, 801 F.3d 1033, 1042 (9th Cir. 2015)(affirming district court order denying motion to dismiss and granting petition to compel arbitration); *Alpha Beta Co.*, 736 F.2d at 1383 (holding that the district court was correct to grant a Union's petition to compel arbitration and did not err in denying the defendant's motion to dismiss).

The Chronicle's motion to dismiss rested entirely on the merits of the Guild's petition and on whether arbitration is appropriate.  Further briefing on identical issues is unnecessary.  In

6

resolving the Chronicle's motion to dismiss I have already concluded that the Guild's claims must be submitted to an arbitrator to resolve the parties' disputes regarding procedural arbitrability. The Guild's petition to compel arbitration is GRANTED.

## CONCLUSION

The Chronicle's motion to dismiss is DENIED as the Guild has demonstrated that there is a genuine dispute as to whether its underlying grievance is arbitrable and that all such questions of procedural arbitrability must be submitted to arbitration under the parties' CBA. As the Guild has demonstrated that its claim must be submitted to arbitration, the Guild's petition to compel arbitration is GRANTED. This case shall be administratively closed, but the court will retain jurisdiction to confirm the final arbitration award as necessary.

**IT IS SO ORDERED.**

Dated: May 9, 2017

_____
William H. Orrick
United States District Judge